| | |
|---|---|
| **DeNITTIS OSEFCHEN PRINCE, P.C.** | **HIRALDO, P.A.** |
| Ross H. Schmierer, Esq. (036352002) | Manuel S. Hiraldo, Esq. |
| 525 Route 73 North, Suite 410 | 401 E. Las Olas Blvd., Suite 1400 |
| Marlton, New Jersey 08053 | Fort Lauderdale, Florida 33301 |
| (856) 797-9951 | (954) 400-4713 |
| rschmierer@denittislaw.com | mhiraldo@hiraldolaw.com |
| | (*Pro Hac Vice* Application Forthcoming) |

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK EISENBAND, Individually and on Behalf of All Others Similarly Situated, | Case No.: |
| Plaintiff, | **COMPLAINT AND JURY DEMAND** |
| v. | **PUTATIVE CLASS ACTION** |
| PINE BELT AUTOMOTIVE, INC. d/b/a PINE BELT NISSAN, | |
| Defendant. | |

## INTRODUCTION

1.  Plaintiff Frank Eisenband ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant Pine Belt Automotive, Inc. d/b/a Pine Belt Nissan ("Defendant"), in negligently and/or willfully transmitting unsolicited commercial text messages to Plaintiff on Plaintiff's cellular telephone, without Plaintiff's express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges the following upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2.  The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer

1

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate and similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Id. at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13.

5. The TCPA also expressly applies to unsolicited faxes as well as other forms of media such as text messages.

6. Congress recognized that not only can unsolicited calls, faxes, and text messages be a nuisance, but also may cause the receiver of the unsolicited communications to incur actual out-of-pocket losses, such as for the use of paper and toner for unsolicited faxes.

7. With the advancement of technology, numerous courts have recognized the TCPA's applicability to unsolicited text messages to persons' cellular telephones.

8. Persons, like Plaintiff herein, have no control to stop unsolicited and unwanted text messages to their cell phones.

9. Every transmission of a text message uses data, and the longer the text is, the more data is used.

10. Once an unsolicited text message is received, not only is it a nuisance to the receiver, but as importantly, that receiver is forced to incur unwanted message and/or data charges from their cell phone carrier.

11. As set forth herein, that is exactly what occurred to Plaintiff and other members of the putative class.

12. Plaintiff and the members of the proposed class received unsolicited sales text messages from Defendant, and consequently incurred additional message and/or data charges to their cell phone accounts, all because Defendant wished to advertise and market its products and services for its own benefit.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction because this case arises out of violations of federal law.

14. Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in Ocean County, New Jersey, because Defendant sent the unlawful text messages at issue herein from Ocean County, New Jersey, and because Plaintiff received the unlawful text message in Monmouth County, New Jersey.

## PARTIES

15. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the

State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

16. Defendant Pine Belt Automotive, Inc. d/b/a Pine Belt Nissan is, and at all times mentioned herein was, a New Jersey corporation duly organized under the laws of New Jersey with its principal place of business in Toms River, New Jersey. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (39). Plaintiff alleges that at all times relevant herein, Defendant conducted business in the State of New Jersey and in Ocean County, within this judicial district.

17. At all times during the relevant class period, Defendant owned and operated, and continues to own and operate, the automobile dealership known as Pine Belt Nissan.

18. Defendant created the policies and procedures described herein and, at all times during the relevant class period, participated in, endorsed, implemented, and performed the conduct alleged herein, specifically including the transmittal of the unlawful text messages that are the subject of this action.

## THE UNIFORM POLICIES OF DEFENDANT THAT GIVE RISE TO THE CAUSE OF ACTION

19. Defendant owns and operates Pine Belt Nissan ("PBN"), an automotive dealership in Toms River, New Jersey that, inter alia, is in the business of selling new and used cars.

20. In or about September 2017, Plaintiff telephoned PBN and asked the sales department for a quote on a certain vehicle. Plaintiff had made this inquiry at the behest of his friend.

21. During the call, PBN's representative advised Plaintiff that he would need to call Plaintiff back and requested a callback number.

4

22. Plaintiff acquiesced and provided his number for the limited purpose of getting a quote on a specific vehicle.

23. Consumers, like Plaintiff, who provide a wireless phone number for a limited purpose do not expect to receive telemarketing calls that go beyond the limited purpose for which oral consent regarding certain calls may have been granted.

24. Despite the context and limited purpose for which Plaintiff's number was given, PBN began unlawfully transmitting unsolicited telemarketing text messages to Plaintiff.

25. Specifically, on October 10, 2017, at approximately 11:28 p.m., Plaintiff received the following text message on his cellular telephone ending in 4149 from Defendant or its agents:

> Text Message
> Today 11:28 AM
>
> Pine Belt Nissan Toms River is excited to announce Nissan's 2017 Fall Loyalty Special. If you or a member of your household currently own or lease ANY model year Nissan vehicle, you qualify for HUGE loyalty rebates on any New Maxima, Murano or Pathfinder. Save up to $6,650 off standard pricing. This could save you over $150 per month compared to non-nissan owners. DO NOT REPLY TO THIS MESSAGE. Call 1-732-226-8044 to speak with a customer service adviser. They can assist you with any questions, or to set up your appointment. We look forward to hearing back from you.

26. In addition to this unsolicited telemarketing message advertising PBN's "Fall Loyalty Special," PBN again transmitted an unlawful telemarketing message to Plaintiff.

27. Specifically, on October 13, 2017, at approximately 11:35 a.m., Plaintiff received the following advertisement set forth in an unlawfully transmitted text message on his cellular telephone ending in 4149 from Defendant or its agents:

> Today 11:35 AM
>
> Pine Belt Nissan of Toms River is having a 3 Day Flash sale starting today: Save thousands this weekend! DO NOT REPLY TO THIS MESSAGE. Just call (732)-226-8044 to activate your discount and make your appointment. We are looking forward to assisting you.

28. The telephone number to which Defendant, or its agents, sent the above text messages was assigned to a cellular telephone service for which Plaintiff incurs a charge pursuant to 47 U.S.C. § 227(b)(1).

29. Plaintiff is not a customer of Defendant and has not purchased or used any goods or services offered by Defendant at any time prior to the filing of this Complaint.

30. Nevertheless, Defendant, or its agents, sent the above unsolicited text messages that included an advertisement.

31. Defendant, or its agents, sent the above unsolicited text messages that introduced an advertisement.

32. Defendant, or its agents, sent the above unsolicited text messages that constituted telemarketing.

33. Because the text messages at issue "includes or introduces an advertisement or constitutes telemarketing," PBN was required to obtain Plaintiff's "prior express consent," as defined under the TCPA, before transmitting the text messages.

34. Under the TCPA, "prior express consent" is defined as:

> an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisement or telemarketing messages to be delivered.

47 C.F.R. § 64.1200(f)(8).

35. Plaintiff never signed any type of agreement whatsoever with the Defendant.

36. As such, Plaintiff never gave prior express consent to receive Defendant's advertisements.

37. Plaintiff further alleges that Defendant, or its agents, sent the above texts not only to Plaintiff, but also to numerous other individuals, on their cellular telephones, without obtaining their prior express consent.

38. The texts were sent to Plaintiff and the putative class for general marketing purposes, for the commercial benefit of Defendant, and specifically to solicit the sale of new and used automobiles by PBN.

39. The texts were not sent to Plaintiff and the putative class for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

40. The text messages sent to Plaintiff and the putative class was sent via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227 (a)(1) and as prohibited by 47 U.S.C. § 227 (b)(1)(A).

41. This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

42. As outlined herein, the unsolicited commercial texts sent by Defendant or its agents to Plaintiff and the putative class violated 47 U.S.C. § 227(b)(1).

43. Further, Plaintiff successfully registered his phone number ending in 4149 with the National Do-Not-Call Registry on February 6, 2009.

44. Nevertheless, Defendant placed multiple calls soliciting its business to Plaintiff on his cellular telephone ending in 4149 as alleged with specificity herein.

45. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

## CLASS ACTION ALLEGATIONS

46. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of a proposed class defined as:

> **All persons in the United States who, between October 18, 2013 and the present, received a text message on their cellular telephones from Defendant or its agents, soliciting Defendant's services.**

47. The class concerning the National Do-Not-Call violation (hereinafter the "DNC Class") is defined as follows:

> **All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.**

48. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

49. The exact number and identities of the persons who fit within the proposed class are ascertainable, in that Defendant maintains written and electronically-stored records of all texts that were sent, the dates they were sent, and the telephone numbers to which they were sent.

50. The proposed class is composed of over 1,000 persons.

51. The claims in this action arise exclusively from Defendant's uniform policies as alleged herein, from uniformly-worded texts sent by Defendant or its agents via an "automatic telephone dialing system."

52. No violations alleged are a result of any oral communications or individualized interaction between any class member and Defendant.

53. There are common questions of law and fact affecting the rights of the class members, including, inter alia, the following:

   a) Whether Defendant or its agents sent text messages to the cellular telephones of Plaintiff and the class;

   b) Whether the Defendant obtained express consent from Plaintiff and the class before sending such text messages;

   c) Whether Defendant's uniform policies and common course of conduct, as alleged herein, violated the TCPA;

   d) Whether Plaintiff and the class are entitled to damages arising from Defendant's conduct alleged herein; and

   e) Whether Plaintiff and the class are entitled to an order for injunctive and declaratory relief, enjoining Defendant from carrying on the policies alleged herein.

54. Plaintiff is a member of the class he seeks to represent.

55. Plaintiff represents, and is a member of, the DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

56. The claims of Plaintiff are not only typical of all class members, they are identical

9

in that they arise from Defendant's uniform policies and form texts, and are based on the same legal theories of all class members.

57. Plaintiff has no interest antagonistic to, or in conflict with, the class.

58. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

59. Defendant has acted and refused to act on grounds generally applicable to the class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

60. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $500 per person and individual actions to recoup such an amount are not economically feasible.

62. Common questions will predominate, and there will be no unusual manageability issues.

## COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

63. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

65. As a result of Defendant's negligent violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

66. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227, et seq.

67. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

68. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

69. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, et seq., Plaintiff and the class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Plaintiff and the class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227(c)

### On Behalf of the DNC Class

71. Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

72.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), and in particular 47 U.S.C. § 227 (c)(5).

73.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

74.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

75.     Plaintiff incorporates by reference all of the above paragraphs of his Complaint as though fully stated herein.

76.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227(c), in particular 47 U.S.C. § 227 (c)(5).

77.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

78.     Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff and members of the class respectfully pray for the following relief:

A. Certification of the class under Fed. R. Civ. P. 23;

B. On the First Count, as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

C. On the Second Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(2)(D), Plaintiff and each member of the Class is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

D. On the Third Count, as a result of Defendant's negligent violations of 47 U.S.C. §227(c)(5), Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(c)(5);

E. On the Fourth Count, as a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(c)(5), Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(c)(5);

F. An Order, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from violating 47 U.S.C. § 227(b)(2)(D);

G. Attorney's fees and costs; and

H. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 18, 2017                                    **DeNITTIS OSEFCHEN PRINCE, P.C.**

                                               By:     /s/ Ross H. Schmierer
                                                    Ross H. Schmierer, Esq.
                                                    Stephen P. DeNittis, Esq.
                                                    525 Route 73 North, Suite 410
                                                    Marlton, New Jersey 08053
                                                    (T): (856) 797-9951
                                                    rschmierer@denittislaw.com

                                                    **HIRALDO, P.A.**
                                                    Manuel S. Hiraldo, Esquire
                                                    (*Pro Hac Vice* Application Forthcoming)
                                                    401 E. Las Olas Boulevard, Suite 1400
                                                    Fort Lauderdale, Florida 33301
                                                    (T): (954) 400-4713
                                                    mhiraldo@hiraldolaw.com

                                                    *Attorneys for Plaintiff*

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated: October 18, 2017			**DeNITTIS OSEFCHEN PRINCE, P.C.**


					By:	*s/ Ross H. Schmierer*
						Ross H. Schmierer, Esq.
						Stephen P. DeNittis, Esq.
						525 Route 73 North, Suite 410
						Marlton, New Jersey 08053
						(T): (856) 797-9951
						rschmierer@denittislaw.com

						*Attorneys for Plaintiff*